## In re MARKEY.

### Patent Appeal No. 4863.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

A. S. Krotz, of Rockton, Ill. (Theodore K. Bryant and Bryant & Lowry, all of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of the only claim (which is a method claim) embraced in appellant's application for patent entitled "Combination Incubator and Hatcher." The claim reads:

"14. A method of incubating and hatching eggs in a single chamber, comprising first placing eggs in incubating trays and placing the incubating trays in said chamber and conditioning and circulating the air suitably for incubation, then when the eggs are about ready to hatch, removing the incubating trays and transferring the eggs to hatching trays, next placing the hatching trays in the chamber in place of the incubating trays and conditioning and circulating the air suitably for hatching."

Since the claim is drawn to a method, it is unnecessary to describe in detail the structure defined in the application and illustrated by the drawings. It is sufficient to say that it is clear that the defined method may be practiced on such structure. While the specification describes the structure in great detail there is nothing in the record to indicate that claims for the apparatus were ever presented in the application.

The rejection was based on prior art, the references cited being the following patents: Petersime et al., 2,176,745, Oct. 17, 1939; Brace, 2,184,685, Dec. 26, 1939.

Both patents are in the incubating and hatching art, and the respective devices of both are described in detail in the decision of the examiner. All the claims of both patents are apparatus claims.

With respect to the Petersime et al. patent, the brief of the Solicitor for the Patent Office points out that it—

"* * * discloses a combined incubator and hatcher comprising a large chamber and a small one, each adapted to contain trays of eggs; and means for applying the desired degree of temperature and humidity to each chamber. Under normal conditions the patentees proposed to use the large chamber for incubation and the small one for hatching, but they state that either chamber may be used for both purposes.

  \*  \*  \*  \*  \*

"The patent shows incubator trays * * * in which the eggs are incubated under suitable conditions, and hatching trays * * * in which the incubated eggs are hatched, also under suitable conditions. Means for producing the desired temperature and humidity are fully disclosed. The transfer of the eggs from incubator trays to hatcher trays is fully described in the patent * * *."

That the steps thus described are performed on the Petersime et al. apparatus is not questioned by appellant but he emphasizes the limitation of his appealed claim defining the process of both incubating and hatching eggs "in a single chamber."

Whether, in the absence of any prior art showing such a limitation, the limitation would present patentable novelty need not be considered here, because the Petersime et al. patent definitely teaches that both incubating and hatching may be carried out in a single chamber. We quote the following from the patent specification:

"It is a further object of the invention to provide for tilting the drum of egg-carrying trays in the hatcher so that the hatcher can be used for incubating purposes. The hatcher is used interchangeably for incubating or hatching, or both incubating and hatching, and the incubator can likewise be used for these several purposes so that it is possible for the hatcher with varying amounts of eggs at varying seasons, to have one machine an incubator with different-sized compartments, and, therefore, of different capacities so that when eggs are not plentiful he will have a relatively small compartment for incubating and hatching, and when eggs are very plentiful he can have a separate compartment for incubating and a separate compartment for hatching."

In view of the above, and without discussing the Brace patent which was merely a cumulative reference, we are of opinion that the appealed claim was properly rejected by the tribunals of the Patent Office.

The decision of the board is affirmed.

Affirmed.